**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| WEATHERTECH DIRECT, LLC, | ) | |
| an Illinois Company, and MACNEIL IP | ) | |
| LLC, an Illinois Company, | ) | |
| | ) | Case No. |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| HARBOR FREIGHT TOOLS USA, INC., | ) | |
| a Delaware Corporation, | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiffs, WeatherTech Direct, LLC and MacNeil IP LLC (collectively "WeatherTech"), by their undersigned attorneys, for their Complaint against defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") allege as follows:

## NATURE OF THE ACTION

1.     This is an action against Harbor Freight for patent infringement, trademark infringement, unfair competition, unjust enrichment, the Illinois Deceptive Trade Practices Act, and the Illinois Consumer Fraud and Deceptive Business Practices Act.

## PARTIES

2.     Plaintiff WeatherTech Direct, LLC ("WeatherTech Direct") is a limited liability company organized under the laws of the State of Illinois with a principal place of business located in Bolingbrook, Illinois 60440.  Plaintiff MacNeil IP LLC ("MNIP") is a limited liability company organized under the laws of the State of Illinois with a principal place of business located in Bolingbrook, Illinois 60440.  MNIP owns intellectual property rights as they relate to the WeatherTech companies and is the owner of the patents referenced herein.  WeatherTech

Direct is a manufacturer, distributor, seller and supplier of automotive accessories including, among other things, BumpStep® trailer hitch steps – the product in question here – vehicle floor trays and mats, mud flaps, cellphone adapters and other automotive aftermarket products. Hereafter, MNIP and WeatherTech Direct will sometimes be collectively referred to as "WeatherTech".

3.      Upon information and belief, Defendant Harbor Freight is a Delaware corporation with its principal place of business in Calabasas, California.  Upon information and belief, Harbor Freight has had made for it, has imported and placed into the stream of commerce, markets, distributes, offers for sale and sells Infringing Products nationwide, including this District, represented by the "HaulMaster" Hitch Mount Bumper Step (hereinafter the accused product HaulMaster Bumper Step shall be referred to as the "Infringing Product(s)").  An example of the Infringing Product as described in photographs and packaging is attached as Exhibit 1.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338 because WeatherTech's claims arise under the laws of the United States.  This Court has supplemental jurisdiction over WeatherTech's state law claims pursuant to 28 U.S.C. § 1367.  On information and belief, this Court has personal jurisdiction over Harbor Freight because, inter alia, it transacts business in this district by marketing, offering to sell, distributing and selling products, including Infringing Products, to Illinois customers and has contributed to numerous sales to Illinois consumers of said products and Infringing Products.

5.      Venue is proper in this District as Defendant Harbor Freight has committed acts of infringement in this District and has many and regular established places of business in this District.

## FACTUAL BACKGROUND

6.      WeatherTech has expended many millions of dollars advertising its products. WeatherTech is a Chicagoland-based company, with facilities in Bolingbrook and Downers Grove, Illinois.   WeatherTech has spent and continues to spend substantial sums of money, time and effort to develop, advertise and promote its mark BUMPSTEP® through, in part, a direct-to-consumer website, distribution of catalogs and brochures, advertising campaigns and national and international trade shows.

7.      MNIP is the owner of valid United States Patent No. 8,727,364 ("the '364 Patent"), attached hereto as Exhibit 2, duly and legally issued on May 20, 2014.  WeatherTech Direct is the exclusive licensee of the '364 Patent.  The '364 Patent is in force.

8.      WeatherTech Direct has standing to sue for infringement of the '364 Patent and may seek monetary damages, injunctions and other relief pursuant to 35 U.S.C. § 271 for past, current and future infringement of the '364 Patent.

9.      MNIP is the owner of valid United States Patent No. 8,851,495 ("the '495 Patent"), attached hereto as Exhibit 3, duly and legally issued on October 7, 2014.  WeatherTech Direct is the exclusive licensee of the '495 Patent.  The '495 Patent is in force.

10.      WeatherTech Direct has standing to sue for infringement of the '495 Patent and may seek monetary damages, injunctions and other relief pursuant to 35 U.S.C. § 271 for past, current and future infringement of the '495 Patent.

11.     MNIP is the owner of valid United States Patent No. 8,919,796 ("the '796 Patent"), attached hereto as Exhibit 4, duly and legally issued on December 30, 2014. WeatherTech Direct is the exclusive licensee of the '796 Patent.  The '796 Patent is in force.

12.     WeatherTech Direct has standing to sue for infringement of the '796 Patent and may seek monetary damages, injunctions and other relief pursuant to 35 U.S.C. § 271 for past, current and future infringement of the '796 Patent.

13.     MNIP is the owner of valid United States Patent No. 9,145,035 ("the '035 Patent"), attached hereto as Exhibit 5, duly and legally issued on September 29, 2015. WeatherTech Direct is the exclusive licensee of the '035 Patent.  The '035 Patent is in force.

14.     WeatherTech Direct has standing to sue for infringement of the '035 Patent and may seek monetary damages, injunctions and other relief pursuant to 35 U.S.C. § 271 for past, current and future infringement of the '035 Patent.

15.     MNIP is the owner of valid and incontestible U.S. Trademark Registration No. 4,516,170 for the mark BUMPSTEP® for "trailer hitch steps."  A copy of duly and legally issued Registration No. 4,516,170 is attached as Exhibit 6.  WeatherTech Direct is the exclusive licensee of Registration No. 4,516,170 and has standing to sue for infringement of the mark and may seek monetary damages, injunctions and other relief for past, current and future infringement of the mark.

16.     On information and belief, Harbor Freight had made for it, imports, markets, offers to sell, distributes and sells products, including Infringing Products, into and in the United States, where they are sold nationwide, including this judicial district.  A web page offering of Harbor Freight's listing with the Infringing Products for sale is set forth in Exhibit 7.  Harbor Freight's "Bumper Step" marking is a colorable imitation of WeatherTech's mark and is

confusingly similar thereto. Harbor Freight's Infringing Products are advertised, promoted and marketed in the same channels of trade as WeatherTech's mark in the United States, including this District.

17. On information and belief, Harbor Freight knew of WeatherTech's mark and WeatherTech's hard-earned goodwill at all pertinent times prior to Harbor Freight's promotion and use of its infringing name for its Infringing Products. On information and belief, the Infringing Products' name was deliberately meant to promote said Products to trade upon the hard-earned goodwill of WeatherTech and Harbor Freight has deliberately attempted to free-ride on WeatherTech's mark. Confusion has resulted and will be likely to continue to result from Harbor Freight's conduct unless it is enjoined by this Court. WeatherTech has been and will continue to be seriously and irreparably injured unless Harbor Freight's conduct is enjoined by this Court.

18. On information and belief, Harbor Freight was specifically aware of WeatherTech's patents as WeatherTech marks its products according to relevant law and specifically meets the marking and notice requirements of 35 U.S.C. § 287(a).

## COUNT I – PATENT INFRINGEMENT OF U.S. PATENT NO. 8,727,364

19. WeatherTech reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 18 as if fully set forth herein.

20. Upon information and belief, without the consent of WeatherTech, Defendant Harbor Freight had made for it, imported, used, offered for sale, marketed and/or sold Infringing Products which directly and/or indirectly infringe at least one claim of the '364 Patent, such as Claim 6.

Active\101496\00005\30073483.v1-5/8/24

21.     Upon information and belief, without the consent of WeatherTech, Defendant Harbor Freight has committed acts that constitute inducement of infringement of at least one claim of the '364 Patent, such as Claim 6, by others through its acts of having made for Harbor Freight, importing, marketing, offering to sell and/or selling Infringing Products.  Harbor Freight is further inducing its customers to use the Infringing Products, which is an act of infringement.

22.     As a direct and proximate result of Defendant Harbor Freight's direct infringement and/or inducement to infringe the '364 Patent, WeatherTech has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which WeatherTech is entitled to relief.

23.     Upon information and belief, Defendant Harbor Freight's direct infringement, indirect infringement and/or inducement to infringe the '364 Patent has been and continues to be willful and deliberate.

WHEREFORE, WeatherTech prays for entry of judgment in its favor and against Defendant Harbor Freight as follows:

A.      Enter judgment that Harbor Freight has directly infringed the '364 patent;

B.      Enter judgment that Harbor Freight has induced others to infringe the '364 patent;

C.      Enter judgment that Harbor Freight has willfully infringed the '364 patent;

D.      Enter judgment that this case is found to be an "exceptional case" under 35 U.S.C. § 285;

E.      Enter a preliminary injunction, pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant Harbor Freight and its respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Harbor Freight from any further sales of the Infringing Products and any other infringement of the '364 patent, whether direct or indirect;

F.     Enter judgment ordering Defendant Harbor Freight to compensate WeatherTech for Harbor Freight's infringement of the '364 patent pursuant to 35 U.S.C. § 284;

G.     Enter a judgment ordering Defendant Harbor Freight to pay enhanced damages pursuant to 35 U.S.C. § 284;

H.     Enter a judgment for an award of pre-judgment and post-judgment interest and costs to WeatherTech pursuant to 35 U.S.C. § 284;

I.     Enter a judgment for an award of WeatherTech's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

J.     Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant Harbor Freight and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Harbor Freight, from offering for sale or selling the Infringing Products and any other infringement of the '364 Patent; and

K.     Grant WeatherTech such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## <u>COUNT II – PATENT INFRINGEMENT OF U.S. PATENT NO. 8,851,495</u>

24.    WeatherTech reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 23 as if fully set forth herein.

25.    Upon information and belief, without the consent of WeatherTech, Defendant Harbor Freight had made for it, imported, used, offered for sale, marketed and/or sold Infringing Products which directly and/or indirectly infringe at least one claim of the '495 Patent, such as Claim 1.

26.    Upon information and belief, without the consent of WeatherTech, Defendant Harbor Freight has committed acts that constitute inducement of infringement of at least one claim of the '495 Patent, such as Claim 1, by others through its acts of having made for Harbor Freight, importing, marketing, offering to sell and/or selling Infringing Products. Harbor Freight is further inducing its customers to use the Infringing Products, which is an act of infringement.

27.     As a direct and proximate result of Defendant Harbor Freight's direct infringement and/or inducement to infringe the '495 Patent, WeatherTech has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which WeatherTech is entitled to relief.

28.     Upon information and belief, Defendant Harbor Freight's direct infringement, indirect infringement and/or inducement to infringe the '495 Patent has been and continues to be willful and deliberate.

WHEREFORE, WeatherTech prays for entry of judgment in its favor and against Defendant Harbor Freight as follows:

A.     Enter judgment that Harbor Freight has directly infringed the '495 patent;

B.     Enter judgment that Harbor Freight has induced others to infringe the '495 patent;

C.     Enter judgment that Harbor Freight has willfully infringed the '495 patent;

D.     Enter judgment that this case is found to be an "exceptional case" under 35 U.S.C. § 285;

E.     Enter a preliminary injunction, pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant Harbor Freight and its respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Harbor Freight from any further sales of the Infringing Products and any other infringement of the '495 patent, whether direct or indirect;

F.     Enter judgment ordering Defendant Harbor Freight to compensate WeatherTech for Harbor Freight's infringement of the '495 patent pursuant to 35 U.S.C. § 284;

G.     Enter a judgment ordering Defendant Harbor Freight to pay enhanced damages pursuant to 35 U.S.C. § 284;

H.     Enter a judgment for an award of pre-judgment and post-judgment interest and costs to WeatherTech pursuant to 35 U.S.C. § 284;

I.     Enter a judgment for an award of WeatherTech's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

J.     Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant Harbor Freight and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Harbor

Freight, from offering for sale or selling the Infringing Products and any other infringement of the '495 Patent; and

K.      Grant WeatherTech such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT III – PATENT INFRINGEMENT OF U.S. PATENT NO. 8,919,796

29.      WeatherTech reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 28 as if fully set forth herein.

30.      Upon information and belief, without the consent of WeatherTech, Defendant Harbor Freight had made for it, imported, used, offered for sale, marketed and/or sold Infringing Products which directly and/or indirectly infringe at least one claim of the '796 Patent, such as Claim 7.

31.      Upon information and belief, without the consent of WeatherTech, Defendant Harbor Freight has committed acts that constitute inducement of infringement of at least one claim of the '796 Patent, such as Claim 7, by others through its acts of having made for Harbor Freight, importing, marketing, offering to sell and/or selling Infringing Products.  Harbor Freight is further inducing its customers to use the Infringing Products, which is an act of infringement.

32.      As a direct and proximate result of Defendant Harbor Freight's direct infringement and/or inducement to infringe the '796 Patent, WeatherTech has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which WeatherTech is entitled to relief.

33.      Upon information and belief, Defendant Harbor Freight's direct infringement, indirect infringement and/or inducement to infringe the '796 Patent has been and continues to be willful and deliberate.

WHEREFORE, WeatherTech prays for entry of judgment in its favor and against Defendant Harbor Freight as follows:

Active\101496\00005\30073483.v1-5/8/24

A.     Enter judgment that Harbor Freight has directly infringed the '796 patent;

B.     Enter judgment that Harbor Freight has induced others to infringe the '796 patent;

C.     Enter judgment that Harbor Freight has willfully infringed the '796 patent;

D.     Enter judgment that this case is found to be an "exceptional case" under 35 U.S.C. § 285;

E.     Enter a preliminary injunction, pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant Harbor Freight and its respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Harbor Freight from any further sales of the Infringing Products and any other infringement of the '796 patent, whether direct or indirect;

F.     Enter judgment ordering Defendant Harbor Freight to compensate WeatherTech for Harbor Freight's infringement of the '796 patent pursuant to 35 U.S.C. § 284;

G.     Enter a judgment ordering Defendant Harbor Freight to pay enhanced damages pursuant to 35 U.S.C. § 284;

H.     Enter a judgment for an award of pre-judgment and post-judgment interest and costs to WeatherTech pursuant to 35 U.S.C. § 284;

I.     Enter a judgment for an award of WeatherTech's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

J.     Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant Harbor Freight and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Harbor Freight, from offering for sale or selling the Infringing Products and any other infringement of the '796 patent; and

K.     Grant WeatherTech such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT IV – PATENT INFRINGEMENT OF U.S. PATENT NO. 9,145,035

34.     WeatherTech reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 33 as if fully set forth herein.

35.     Upon information and belief, without the consent of WeatherTech, Defendant Harbor Freight had made for it, imported, used, offered for sale, marketed and/or sold Infringing Products which directly and/or indirectly infringe at least one claim of the '035 Patent, such as Claim 1.

-10-

36.     Upon information and belief, without the consent of WeatherTech, Defendant Harbor Freight has committed acts that constitute inducement of infringement of at least one claim of the '035 Patent, such as Claim 1, by others through its acts of having made for Harbor Freight, importing, marketing, offering to sell and/or selling Infringing Products.  Harbor Freight is further inducing its customers to use the Infringing Products, which is an act of infringement.

37.     As a direct and proximate result of Defendant Harbor Freight's direct infringement and/or inducement to infringe the '035 Patent, WeatherTech has suffered and will continue to suffer irreparable injury and damages in an amount not yet determined for which WeatherTech is entitled to relief.

38.     Upon information and belief, Defendant Harbor Freight's direct infringement, indirect infringement and/or inducement to infringe the '035 Patent has been and continues to be willful and deliberate.

WHEREFORE, WeatherTech prays for entry of judgment in its favor and against Defendant Harbor Freight as follows:

A.      Enter judgment that Harbor Freight has directly infringed the '035 patent;

B.      Enter judgment that Harbor Freight has induced others to infringe the '035 patent;

C.      Enter judgment that Harbor Freight has willfully infringed the '035 patent;

D.      Enter judgment that this case is found to be an "exceptional case" under 35 U.S.C. § 285;

E.      Enter a preliminary injunction, pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant Harbor Freight and its respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Harbor Freight from any further sales of the Infringing Products and any other infringement of the '035 patent, whether direct or indirect;

F.      Enter judgment ordering Defendant Harbor Freight to compensate WeatherTech for Harbor Freight's infringement of the '035 patent pursuant to 35 U.S.C. § 284;

G.      Enter a judgment ordering Defendant Harbor Freight to pay enhanced damages pursuant to 35 U.S.C. § 284;

H.   Enter a judgment for an award of pre-judgment and post-judgment interest and costs to WeatherTech pursuant to 35 U.S.C. § 284;

I.   Enter a judgment for an award of WeatherTech's reasonable attorneys' fees pursuant to 35 U.S.C. § 285;

J.   Enter a permanent injunction pursuant to 35 U.S.C. § 283, restraining and enjoining Defendant Harbor Freight and their respective officers, agents, servants, employees, attorneys, customers and those in concert or participation with Harbor Freight, from offering for sale or selling the Infringing Products and any other infringement of the '035 patent; and

K.   Grant WeatherTech such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## <u>COUNT V - FEDERAL TRADEMARK INFRINGEMENT</u>

39.   WeatherTech reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 38 as if fully set forth herein.

40.   WeatherTech owns and is the exclusive licensee of the valid and subsisting, federally registered mark BUMPSTEP®, and the good will attendant therewith.

41.   Harbor Freight's use in interstate commerce of the "Bumper Step" name in connection with the promotion, advertisement, packaging and sales of its trailer hitch step constitutes a reproduction, counterfeit, copy and/or colorable imitation of the BUMPSTEP® mark and therefore infringes upon the same.

42.   Harbor Freight's use of the "Bumper Step" name is likely to cause confusion, mistake and/or deceive the public in violation of 15 U.S.C. § 1114.

43.   As a direct and proximate result of the foregoing acts of infringement, WeatherTech has been and will continue to be actually damaged in the form of lost revenues and profits. In addition, WeatherTech has been and will continue to be irreparably harmed by diminished good will and reputation, and the diminished capacity of its mark to act as a single source identifier.

44.     Harbor Freight's intentional and willful infringement of the BUMPSTEP® mark, and disregard of WeatherTech's rights, renders this case an exceptional case pursuant to 15 U.S.C. § 1117(a).

45.     WeatherTech has no adequate remedy at law, because the BUMPSTEP® mark represents to the public WeatherTech's identity, reputation and good will and the source of its goods and services. Money damages alone cannot fully compensate WeatherTech for the harm occasioned by Harbor Freight's misconduct.

46.     Unless enjoined by the Court, Harbor Freight will continue to use and infringe the mark to WeatherTech's irreparable injury.

WHEREFORE, WeatherTech prays for entry of judgment in its favor and against Harbor Freight as follows:

A.      Enter a permanent injunction restraining and enjoining Harbor Freight and all of its agents, servants, employees, successors and assigns, and all persons in active concert or pm1icipation with Harbor Freight, from

   i.      Selling, marketing, advertising, importing, distributing or purchasing products under the infringing "Bumper Step" name;

   ii.     Unfairly competing with WeatherTech; and

   iii.    Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of its products or as to any affiliation, connection or association of it with or approval of it by WeatherTech, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to WeatherTech.

B.      An Order, under 15 U.S.C. §§ 1116 and 1118, requiring Harbor Freight (including its employees or agents) to deliver to WeatherTech or requiring destroyed, all hitch steps of Harbor Freight to which the "Bumper Step" name is affixed, all molds and tooling for manufacturing such hitch steps, and all promotional and packaging materials related to Harbor Freight's Bumper Step product;

C.      An Order, pursuant to 15 U.S.C. § 1116, requiring Harbor Freight to file with this Court and serve upon WeatherTech within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the

-13-

manner and form in which Harbor Freight has complied with the above two subparagraphs (A and B) of this prayer;

D.  An award to WeatherTech, under 15 U.S.C. § 1117, of all profits received by Harbor Freight from the sales and revenues of any kind made as a result of Harbor Freight's sales of its Bumper Step product, damages, to be determined, that WeatherTech has suffered as a result of Harbor Freight' conduct and find that, due to the flagrant and deliberate character of such infringement and unfair competition, any such damages shall be trebled, and the costs of this litigation and find this case to be an exceptional case and therefore grant WeatherTech its attorneys' fees in pursuing this litigation; and

E.  Grant WeatherTech such other and further relief as the Court may deem just, proper and equitable under the circumstances.

<u>**COUNT VI-FEDERAL UNFAIR COMPETITION**</u>

47.  WeatherTech reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 46 as if fully set forth herein.

48.  Harbor Freight intentionally and willfully has adopted and is using in interstate commerce in connection with the advertising, promotion and sale of its Bumper Step hitch steps that is intended by Harbor Freight to be substantially similar to, and a colorable imitation of, WeatherTech's distinctive BUMPSTEP® mark, including but not limited to the use of the "Bumper Step" name on containers for the Infringing Products.

49.  Harbor Freight's unlawful adoption and use, in interstate commerce, of such colorable imitation of WeatherTech's mark without authorization of WeatherTech is likely to cause confusion, to cause mistake and/or to deceive.

50.  Through the promotion, advertising and sale of trailer hitch steps under such a confusingly similar mark, Harbor Freight has unlawfully simulated, appropriated and infringed WeatherTech's rights and mark. Such conduct and appropriation constitute a false description or representation of WeatherTech's mark or a false designation of origin in violation of 15 U.S.C. § 1125(a).

-14-

51. Harbor Freight's conduct has injured and will injure WeatherTech by diversion of WeatherTech's goodwill and sales to Harbor Freight, and by diminishing and destroying WeatherTech's goodwill and reputation. WeatherTech seeks damages in such sum as may be proved at trial. Further, WeatherTech has been and continues to be irreparably harmed by Harbor Freight's wrongful conduct.

WHEREFORE, WeatherTech prays for entry of judgment in its favor and against Harbor Freight as follows:

A. Enter a permanent injunction restraining and enjoining Harbor Freight and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Harbor Freight, from

    i. Selling, marketing, advertising, importing, distributing or purchasing products under the infringing "Bumper Step" name;

    ii. Unfairly competing with WeatherTech; and

    iii. Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of its products or as to any affiliation, connection or association of it with or approval of it by WeatherTech, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to WeatherTech.

B. An Order, under 15 U.S.C. §§ 1116 and 1118, requiring Harbor Freight (including its employees and agents) to deliver to WeatherTech or requiring destroyed, all hitch steps of Harbor Freight to which the "Bumper Step" name is affixed, all molds and tooling for manufacturing such hitch steps, and all containers and packaging printed materials therefore;

C. An Order, pursuant to 15 U.S.C. § 1116, requiring Harbor Freight to file with this.Court and serve upon WeatherTech within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Harbor Freight has complied with the above two subparagraphs (A and B) of this prayer;

D. An award to WeatherTech, under 15 U.S.C. § 1117, of all profits received by Harbor Freight from the sales and revenues of any kind made as a result of Harbor Freight's sales of its Bumper Step Infringing Product, damages, to be determined, that WeatherTech has suffered as a result of Harbor Freight's conduct and find that, due to the flagrant and deliberate character of such infringement and unfair

-15-

competition, any such damages shall be trebled, and the costs of this litigation and find this case to be an exceptional case and therefore grant WeatherTech its attorneys' fees in pursuing this litigation; and

E.     Grant WeatherTech such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT VII - ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

52.     WeatherTech reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 51 as if fully set forth herein.

53.     Harbor Freight's knowing and willful copying and colorable imitation of WeatherTech's protected mark BUMPSTEP® is intended by Harbor Freight to allow it to free-ride on WeatherTech's substantial investment in its mark and the hard- earned goodwill and excellent reputation of WeatherTech's WeatherTech BUMPSTEP® product.

54.     Harbor Freight's knowing and continued sales of its "Bumper Step" product to unsuspecting Illinois consumers, and consumer nationwide, has created a substantial likelihood of confusion and caused mistake and deception in Illinois consumers' minds because the "Bumper Step" product is inferior to, and not the same as, WeatherTech's BUMPSTEP® product.

55.     The above-described knowing and willful conduct constitutes deceptive trade practices within the meaning of Section 2 of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2.

56.     As a result of Harbor Freight's continued sales of its "Bumper Step" product, WeatherTech has suffered and will continue to suffer irreparable harm to its goodwill and reputation with its consumers, who confuse the "Bumper Step" product for WeatherTech's BUMPSTEP® product. WeatherTech has no adequate remedy at law for the immediate and continuing harm.

A.    Enter a permanent injunction restraining and enjoining Harbor Freight and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Harbor Freight, from

    i.    Selling, marketing, advertising, importing or purchasing products under the infringing "Bumper Step" name;

    ii.    Unfairly competing with WeatherTech; and

    iii.    Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of its products or as to any affiliation, connection or association of it with or approval of it by WeatherTech, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to WeatherTech.

B.    An Order requiring Harbor Freight to file with this Court and serve upon WeatherTech within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Harbor Freight has complied with the above subparagraph (A) of this prayer;

C.    An award to WeatherTech for its costs and attorneys' fees for this litigation; and

D.    Grant WeatherTech such other and further relief as the Court may deem just, proper and equitable under the circumstances.

### COUNT VIII - ILLINOIS COMMON LAW - UNFAIR COMPETITION

57.    WeatherTech reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 56 as if fully set forth herein.

58.    For many years, WeatherTech has expended substantial sums of money creating, advertising, promoting, establishing and supporting its BUMPSTEP® mark with its customers and Illinois and American consumers in general.

59.    As a result of WeatherTech's substantial investment and hard work over the years, as well as WeatherTech's commitment to quality, excellence and customer service, WeatherTech has earned tremendous goodwill and a fine reputation with consumers and the trade, who associate WeatherTech with its mark.

60.     Harbor Freight is aware of the above facts, and has sought to wrongfully capitalize on WeatherTech's fine reputation and goodwill by advertising, promoting and selling its product under the "Bumper Step" name, which is an intentional attempt to copy and/or create a colorable imitation of WeatherTech's mark.  As a result of Harbor Freight's wrongful conduct, Harbor Freight is able to free-ride off of WeatherTech's substantial investment and hard-work by causing confusion among consumers in the marketplace and attempting to identify or associate its "Bumper Step" product with WeatherTech's BUMPSTEP® product and/or confuse consumers that this is the case. Separate and apart from causing confusion, Harbor Freight's wrongful conduct also involves its ability to free-ride off of WeatherTech's superior BUMPSTEP® product and the substantial investment and effort that WeatherTech has put into developing the same.

61.     WeatherTech has been, is, and will continue to be damaged by Harbor Freight's actions and WeatherTech does not have an adequate remedy at law. Harbor Freight's actions have damaged, and will continue to damage, WeatherTech 's business, market, reputation and goodwill.

WHEREFORE, WeatherTech prays for entry of judgment in its favor and against Harbor Freight as follows:

A.     Enter a permanent injunction restraining and enjoining Harbor Freight and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Harbor Freight, from

i.     Selling, marketing, advertising, importing or purchasing products under the infringing "Bumper Step" name;

ii.     Unfairly competing with WeatherTech; and

iii.     Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of its products or as to any affiliation, connection or association of it with or approval of it by WeatherTech, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to WeatherTech.

-18-

B.    An Order requiring Harbor Freight to file with this Court and serve upon WeatherTech within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Harbor Freight has complied with the above subparagraph (A) of this prayer;

C.    An award to WeatherTech of all profits received by Harbor Freight from the sales and revenues of any kind made as a result of Harbor Freight's sales of its "Bumper Step" product, damages, to be determined, that WeatherTech has suffered as a result of Harbor Freight's conduct, and the costs of this litigation; and

D.    Grant WeatherTech such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT IX - UNJUST ENRICHMENT

62.    WeatherTech reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 61 as if fully set forth herein.

63.    For many years, WeatherTech has expended substantial sums of money creating, advertising, promoting, establishing and supporting its BUMPSTEP® mark with its customers and Illinois and American consumers in general. As a result of WeatherTech's substantial investment and hard work over the years, as well as WeatherTech 's commitment to quality, excellence and customer service, WeatherTech has earned tremendous goodwill and a fine reputation with consumers and the trade, who associate WeatherTech with its mark.

64.    Harbor Freight is aware of the above facts, and has sought to wrongfully capitalize on WeatherTech's fine reputation and goodwill by advertising, promoting and selling its product under the "Bumper Step" name, which is an intentional attempt to copy and/or create a colorable imitation of WeatherTech's mark. As a result of Harbor Freight's wrongful conduct, Harbor Freight is able to free-ride off of WeatherTech's substantial investment and hard-work by causing confusion among consumers in the marketplace and attempting to identify or associate its "Bumper Step" trailer hitch product with WeatherTech's product and/or confuse consumers that this is the case.

65. Harbor Freight unjustly has received the benefit of WeatherTech's substantial investment in its WeatherTech floor liner product and its hard-earned goodwill and fine reputation.

66. Harbor Freight has been unjustly enriched.

67. It would violate the principles of justice, equity and good conscience for Harbor Freight to retain this benefit.

68. To avoid an unjust enrichment, WeatherTech should be awarded damages reflecting Harbor Freight's enrichment, among other relief.

WHEREFORE, WeatherTech prays for entry of judgment in its favor and against Harbor Freight as follows:

A.   Enter a permanent injunction restraining and enjoining Harbor Freight and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Harbor Freight, from

    i.   Selling, marketing, advertising, importing or purchasing products under the infringing "Bumper Step" name;

    ii.   Unfairly competing with WeatherTech; and

    iii.   Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of its products or as to any affiliation, connection or association of it with or approval of it by WeatherTech, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to WeatherTech.

B.   An Order requiring Harbor Freight to file with this Court and serve upon WeatherTech within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Harbor Freight has complied with the above subparagraph (A) of this prayer;

C.   An award to WeatherTech of all profits received by Harbor Freight from the sales and revenues of any kind made as a result of Harbor Freight's sales of its Bumper Step product, damages, to be determined, that WeatherTech has suffered as a result of Harbor Freight's conduct, and the costs of this litigation; and

D. Grant WeatherTech such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## COUNT X - VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT-815 ILCS 505 et seq.

69. WeatherTech reasserts and incorporates by reference the allegations of its Complaint at paragraphs 1 through 68 as if fully set forth herein.

70. In violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, Harbor Freight has engaged in at least the following unfair and/or deceptive acts or practices:

a. By its use of its infringing name "Bumper Step", Harbor Freight has confused consumers as to the origins of the "Bumper Step" product and falsely attempted to represent that "Bumper Step" has some relation to WeatherTech; and

b. Other false and/or deceptive statements, and misrepresentations, concealments, suppressions or omissions according to proof.

71. Harbor Freight intended for consumers to suffer confusion and to misrepresent the source of its "Bumper Step" product.

72. Harbor Freight's unfair and deceptive acts and practices occurred in the normal course of trade or commerce.

73. Through its unfair and deceptive acts and practices, Harbor Freight has harmed WeatherTech and American consumers of its "Bumper Step" product.

WHEREFORE, WeatherTech prays for entry of judgment in its favor and against Harbor Freight as follows:

A. Enter a permanent injunction restraining and enjoining Harbor Freight and all of its agents, servants, employees, successors and assigns, and all persons in active concert or participation with Harbor Freight, from

i. Selling, marketing, advertising, importing or purchasing products under the infringing "Bumper Step" name;

      ii.      Unfairly competing with WeatherTech; and

      iii.     Causing a likelihood of confusion or misunderstanding as to source, sponsorship, approval or certification of its products or as to any affiliation, connection or association of it with or approval of it by WeatherTech, or engaging in any other conduct that similarly creates a likelihood of confusion or misunderstanding or false representation with respect to WeatherTech.

B.     An Order requiring Harbor Freight to file with this Court and serve upon WeatherTech within 30 days after the entry of the permanent injunction a report, in writing and under oath, setting forth in detail the manner and form in which Harbor Freight has complied with the above subparagraph (A) of this prayer;

C.     An award to WeatherTech of all profits received by Harbor Freight from the sales and revenues of any kind made as a result of Harbor Freight's sales of its "Bumper Step" product, damages, to be determined, that WeatherTech has suffered as a result of Harbor Freight's conduct, and the costs of this litigation;

D.     An award to WeatherTech for its costs and attorneys' fees for this litigation; and

E.     Grant WeatherTech such other and further relief as the Court may deem just, proper and equitable under the circumstances.

## <u>JURY TRIAL DEMAND</u>

WeatherTech hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

WEATHERTECH DIRECT, LLC and
MACNEIL IP LLC

Dated: May 8, 2024          By:    */s/ Timothy M. Schaum*
                                   One of Their Attorneys

Robert S. Grabemann
rgrabemann@daspinaument.com
Timothy M. Schaum
tschaum@daspinaument.com
DASPIN & AUMENT, LLP
300 South Wacker Drive
Suite 2200
Chicago, Illinois 60606
(312) 258-1600
(312) 258-1955 - fax

Active\101496\00005\30073483.v1-5/8/24