**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| WEATHERTECH DIRECT, LLC, and MACNEIL IP, LLC, | No. 1:24-cv-03767 |
| Plaintiffs, | Honorable Andrea R. Wood |
| v. | |
| HARBOR FREIGHT TOOLS USA, INC., | |
| Defendant. | |

**DEFENDANT HARBOR FREIGHT TOOLS USA, INC.'S
MOTION TO DISMISS COMPLAINT**

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................. 1

II.   FACTUAL BACKGROUND ................................................................. 2

III.  LEGAL STANDARD ........................................................................... 4

IV.  ARGUMENT ........................................................................................ 4

     A.    The Court Should Dismiss WeatherTech's Patent Infringement Claims in Counts I–IV ............................................................................. 4

          1.    WeatherTech Fails to Plausibly Allege Direct Patent Infringement Under 35 U.S.C. § 271(a) .......................................................... 4

          2.    WeatherTech Fails to Plausibly Allege Induced Patent Infringement Under 35 U.S.C. § 271(b) ................................ 7

          3.    WeatherTech Fails to Plausibly Allege Willful Patent Infringement or Entitlement to Enhanced Damages ....................................... 9

          4.    The Court Should Dismiss Count IV for the Independent Reason that the Asserted Claim of the '035 Patent Is Invalid for Lack of Written Description ................................................................. 9

     B.    The Court Should Dismiss WeatherTech's Trademark Infringement Claim in Count V ................................................................................. 10

     C.    The Court Should Dismiss WeatherTech's Unfair Competition and State Law Claims in Counts VI–X ....................................................... 14

     D.    The Court Should Dismiss Counts IV–X with Prejudice ............... 15

V.    CONCLUSION .................................................................................... 15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ariad Pharms., Inc. v. Eli Lilly & Co.*,
598 F.3d 1336 (Fed. Cir. 2010) (en banc) .............................................................. 9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .............................................................................. 1, 4, 9

*Atlas IP, LLC v. Exelon Corp.*,
189 F. Supp. 3d 768 (N.D. Ill. 2016),
*aff'd*, 686 F. App'x 921 (Fed. Cir. 2017) ............................................................ 15

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) .............................................................................. 1, 4, 9

*Bierer v. HD Elec. Co.*,
No. 18-CV-08525, slip op. (N.D. Ill. March 12, 2019), ECF No. 31 ........................................ 5

*Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*,
No. 12-CV-1111, 2013 WL 6058472 (D. Del. Nov. 18, 2013) ................................................ 8

*Bot M8 LLC v. Sony Corp. of Am.*,
4 F.4th 1342 (Fed. Cir. 2021) ...................................................................... 4

*Camasta v. Jos. A. Bank Clothiers, Inc.*,
761 F.3d 732 (7th Cir. 2014) ...................................................................... 15

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015) .............................................................................. 7, 8

*Fluidigm Corp. v. IONpath, Inc.*,
No. 19-CV-05639, 2020 WL 408988 (N.D. Cal. Jan. 24, 2020) ............................................. 9

*Hart v. Amazon.com, Inc.*,
191 F. Supp. 3d 809 (N.D. Ill. 2016),
*aff'd*, 845 F.3d 802 (7th Cir. 2017) ............................................................... 15

*Hebrew Univ. of Jerusalem v. DealzEpic*,
No. 21-CV-5492, 2022 WL 3026934 (N.D. Ill. Aug. 1, 2022) .................................... 11, 12, 14

*In re Bill of Lading Transmission*,
681 F.3d 1323 (Fed. Cir. 2012) ..................................................................... 7

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*,
No. 20-CV-00318, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021) .............................................. 8

*Laitram Corp. v. Rexnord, Inc.*,
   939 F.2d 1533 (Fed. Cir. 1991) ................................................................ 4

*Mouldtec, Inc. v. Pagter & Partners Int'l B.V.*,
   No. 12-CV-4249, 2012 WL 5966593 (N.D. Ill. Nov. 28, 2012) ........................................... 8, 9

*Naked Cowboy v. CBS*,
   844 F. Supp. 2d 510 (S.D.N.Y. 2012) ................................................................ 11

*NetFuel, Inc. v. Cisco Sys. Inc.*,
   No. 18-CV-02352, 2018 WL 4510737 (N.D. Cal. Sept. 18, 2018) ........................................... 8

*Newtonoid Techs., LLC v. Abbott Lab'ys*,
   No. 23-CV-02532, 2024 WL 4213303 (N.D. Ill. Sept. 17, 2024) ........................................... 5

*Packman v. Chi. Trib. Co.*,
   267 F.3d 628 (7th Cir. 2001) ................................................................ 11

*Rivera v. ITC*,
   857 F.3d 1315 (Fed. Cir. 2017) ................................................................ 9

*Sorensen v. WD-40 Co.*,
   792 F.3d 712 (7th Cir. 2015) ................................................................ 11

*SportFuel, Inc. v. PepsiCo, Inc.*,
   932 F.3d 589 (7th Cir. 2019) ................................................................ 11, 12

*SportFuel, Inc. v. PepsiCo, Inc.*,
   No. 16-CV-7868, 2018 WL 2984830 (N.D. Ill. June 14, 2018),
   *aff'd*, 932 F.3d 589 (7th Cir. 2019) ................................................................ 14

*Thrasher-Lyon v. Ill. Farmers Ins. Co.*,
   861 F. Supp. 2d 898 (N.D. Ill. 2012) ................................................................ 15

**Statutes**

35 U.S.C. § 112(a) ................................................................ 9, 10

35 U.S.C. § 271(a) ................................................................ 4

35 U.S.C. § 271(b) ................................................................ 7

**Rules**

Fed. R. Civ. P. 12(b)(6) ................................................................ 1, 4, 15

Fed. R. Civ. P. 9(b) ................................................................ 2, 14, 15

## I.    INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Harbor Freight Tools USA, Inc. ("Harbor Freight") respectfully moves to dismiss the complaint brought by Plaintiffs WeatherTech Direct, LLC and MacNeil IP, LLC (collectively, "WeatherTech").[1] WeatherTech's complaint asserts the proverbial kitchen sink, including direct and induced infringement of four patents (Counts I–IV), infringement of WeatherTech's BUMPSTEP trademark (Count V), and five other related federal and state law claims premised on the use of that mark. The complaint, however, fails to plead facts that could plausibly support any of these claims. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007)).

**First**, WeatherTech's patent infringement assertions in Counts I–IV fail because the asserted patents and claims are directed to a vehicle hitch step accessory with very particular elements. Indeed, when it applied for these patents, WeatherTech amended its patent claims to specifically recite these elements or otherwise emphasized them to secure the allowance of the claims. But in asserting direct infringement here, WeatherTech fails to allege any facts that plausibly show that the accused product includes any element of any asserted claim, much less all elements or even the material elements. WeatherTech's induced infringement assertions similarly fail because WeatherTech lacks a plausible factual basis to show not only that there is some underlying direct infringement but also that Harbor Freight had knowledge of the asserted patents and specifically intended the alleged infringement—all requisite elements of induced infringement. Additionally, WeatherTech's Count IV should be dismissed for the independent reason that the asserted patent claim in that count is invalid for lack of adequate written description.

---

[1] Harbor Freight respectfully requests a hearing and believes that it would be beneficial to the Court in resolving the present motion.

**Second**, WeatherTech's trademark infringement assertion in Count V fails as a matter of law because Harbor Frieght's use of the supposedly offending "Bumper Step" phrase is quintessentially descriptive and qualifies as fair use. Indeed, the complaint confirms on its face that Harbor Freight uses the phrase "Bumper Step" in good faith and in a literal sense to describe a hitch accessory that functions as a bumper and step, no more no less.

**Third**, WeatherTech's Counts VI–X are premised on the same trademark infringement allegations and should be similarly dismissed because Harbor Freight's use of "Bumper Step" is descriptive fair use. Counts VI–X further independently fail because they are based on allegedly deceptive conduct that WeatherTech fails to plead with particularity as required by Rule 9(b).

## II.    FACTUAL BACKGROUND

WeatherTech's complaint asserts infringement of U.S. Patent Nos. 8,727,364 ("the '364 patent"), 8,851,495 ("the '495 patent"), 8,919,796 ("the '796 patent"), and 9,145,035 ("the '035 patent") (Counts I–IV), infringement of WeatherTech's registered BUMPSTEP trademark (Count V), and several related federal and state law claims premised on Harbor Freight's alleged infringement of the BUMPSTEP mark (Counts VI–X). Dkt. 1 ("Compl.").

The patents asserted in Counts I–IV generally relate to a step attachment or hitch step that mounts to the hitch of a vehicle, such as a pickup truck or sports utility vehicle. Compl. Ex. 5, '035 patent at 1:6–13, FIG. 1. As the patents acknowledge, such hitch steps were known and indeed a common accessory that was "often attached to the hitch" of a vehicle. *Id.* at 1:10–11. By its nature, a hitch step provides a "raised platform" or "step" on which a user can stand to access a vehicle bed. *Id.* at 1:11–13. When installed, a hitch step also serves as a bumper because it "extends rearwardly past the [vehicle] bumper" and hence is "the point of first impact for any rear end collisions." *Id.* at 1:14–16. Against the backdrop of known and existing hitch steps, the asserted patents claim a narrow subset of hitch steps with particular structural elements, many of which

2

WeatherTech added to the claims through amendments or otherwise emphasized during prosecution to secure the allowance of the claims. Exs. A–C.[2]

WeatherTech's complaint alleges that Harbor Freight's HAUL-MASTER hitch mount bumper step[3] infringes "at least one" claim from each of the asserted patents but it identifies only one asserted claim from each patent: claim 6 of the '364 patent, claim 1 of the '495 patent, claim 7 of the '796 patent, and claim 1 of the '035 patent (collectively, "the asserted claims"). Compl. ¶¶ 20, 25, 30, 35. WeatherTech attaches as Exhibit 1 to its complaint a photograph of the front of the HAUL-MASTER product packaging and as Exhibit 7 a copy of what appears to be product page for the HAUL-MASTER product on Harbor Freight's website. *Id.* ¶¶ 3, 16; Compl. Exs. 1, 7. WeatherTech, however, fails to allege any facts to show that the HAUL-MASTER product includes any of the required elements of the asserted claims or attempt to identify those elements.

With respect to its trademark infringement claim (Count V) and related federal and state law claims (Counts VI–X), WeatherTech asserts that Harbor Freight's use of the phrase "Bumper Step" in relation to its HAUL-MASTER product infringes WeatherTech's registered BUMPSTEP mark. Dkt. 1 ¶ 41. As reflected in the exhibits to the complaint, Harbor Freight uses the "Bumper Step" phrase as part of the larger phrase "Hitch Mount Bumper Step" in a literal sense to describe a product that attaches to a vehicle hitch and functions as a bumper and a step. Compl. Exs. 1, 7.

The parties met and conferred by telephone regarding the arguments raised in this motion on August 30, 2024 and have conferred several times both before and since then. But the parties have been unable to resolve the matter.

---

[2] The Court may take judicial notice of the public prosecution histories of the asserted patents.

[3] Harbor Freight markets a number of trailer-related accessories under the HAUL-MASTER brand. For brevity, Harbor Freight refers to the HAUL-MASTER brand hitch mount bumper step as simply the "HAUL-MASTER product" or the "accused product."

## III.    LEGAL STANDARD

Under Rule 12(b)(6), a court must dismiss a complaint if it fails to state a claim upon which relief can be granted. To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). This plausibility standard requires a plaintiff to plead facts that allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although courts must take the factual allegations in a complaint as true, they "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

## IV.    ARGUMENT

### A.    The Court Should Dismiss WeatherTech's Patent Infringement Claims in Counts I–IV

#### 1.    WeatherTech Fails to Plausibly Allege Direct Patent Infringement Under 35 U.S.C. § 271(a)

WeatherTech's claims of direct patent infringement under § 271(a) should be dismissed because the complaint fails to plausibly allege that Harbor Freight has practiced any claim of the four asserted patents. Direct infringement under § 271(a) requires that every element of at least one patent claim be "found in an accused product or process exactly or by a substantial equivalent." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991). At the pleading stage, "[t]here must be some factual allegations that, when taken as true, articulate why it is plausible that the accused product [or process] infringes the patent claim." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1353 (Fed. Cir. 2021). Although "[a] plaintiff is not required to plead infringement on an element-by-element basis," "a plaintiff cannot assert a plausible claim for infringement under the *Iqbal*/*Twombly* standard by reciting the claim elements and merely

concluding that the accused product has those elements." *Id.* at 1352–53; *see also Newtonoid Techs., LLC v. Abbott Lab'ys*, No. 23-CV-02532, 2024 WL 4213303, at *2 (N.D. Ill. Sept. 17, 2024); *Bierer v. HD Elec. Co.*, No. 18-CV-08525, slip op. at 1-2 (N.D. Ill. March 12, 2019), ECF No. 31 (Ex. F). Rather, a plaintiff must address and plead sufficient facts from which it can be reasonably inferred that the elements of the asserted claims are met. *Bot M8*, 4 F.4th at 1353. "The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.*

The complaint here is devoid of facts that could plausibly support a claim of direct infringement. Fundamentally, the asserted patents do not cover any and all hitch step accessories, as the patents themselves acknowledge that hitch steps were a common accessory that was "often attached to [a vehicle] hitch." '035 patent at 1:10–11. Instead, the asserted patents purport to describe and claim a limited subset of hitch steps having specific structural elements—many of which WeatherTech added to the claims during prosecution or emphasized to secure their allowance. In asserting infringement here, however, WeatherTech makes no effort to allege that any claim element, let alone any of the material elements, is practiced by the accused product. At most, WeatherTech attaches a photograph of the product packaging and a related webpage, all of which only underscores the purely conclusory nature of WeatherTech's assertion. *See Newtonoid*, 2024 WL 4213303, at *2 (rejecting plaintiff's attempt to support its infringement assertion with merely "a picture of the front of the [accused] [p]roduct" and a copy of the asserted patent).

**'364 patent.** Asserted claim 6 of the '364 patent requires (among other things) a "collapsible hitch step" with a "plurality of oblique cross members" that are "adapted to collapse in a forward direction upon impact being applied to the exterior surface of the rear panel, thereby

absorbing at least some of the force of the impact." '364 patent at cl. 6. Claim 6 also requires "transverse members" that "extend[] between [a] right side panel and [a] left side panel." *Id.* These elements are material because during prosecution WeatherTech amended the claims to include them or otherwise emphasized them. Ex. A, '364 patent file history excerpt at 13–14. The examiner also notably referenced these elements in allowing the claims. *Id.* at 18. Yet, in asserting infringement here, WeatherTech's complaint fails to allege (much less plausibly so) facts indicating that the accused HAUL-MASTER product includes any such collapsible oblique members or transverse members that extend between a right side panel and a left side panel.

**'495 and '796 patents.** Asserted claim 1 of the '495 patent and claim 7 of the '796 patent both require (among other things) "at least one transverse support member" that "transversely extend[s] for at least a substantial portion of the step body," as well as "a substantially hollow tongue" with a "throat region" that includes a "plurality of vertically disposed reinforcing plates." '495 patent at cl. 1; '796 patent at cl. 7. Again, these elements (among others) were identified by the examiner during prosecution as part of the "reasons for allowance." Ex. B, '495 patent file history excerpt at 17–18. Yet, WeatherTech's complaint makes no attempt to identify any such transverse support member or reinforcing plates in the accused HAUL-MASTER product.

**'035 patent.** Asserted claim 1 of the '035 patent requires (among other things) "[a] receiver post" with "a plurality of cylinders" and "a respective support structure provided for each of [a] plurality of cylinders" including "a top vertical member" and "a bottom vertical member" that are "adapted, upon impact being applied to the receiver post, to collapse, thereby absorbing the force from the impact." '035 patent at cl. 1. Here too, these elements are material because WeatherTech expressly relied on the claimed support structures during prosecution to distinguish the cited prior art and to secure the allowance of the claims. Ex. C, '035 patent file history excerpt at 4–6 (claim

6

rejection), 12–13 (applicant response). And yet again, WeatherTech's complaint fails to identify any such "support structure" in the receiver post of the accused HAUL-MASTER product or allege any facts that would plausibly suggest that such a structure would collapse and absorb the force from an impact as claimed. Indeed, in discussing the receiver post, the '035 patent does not describe it as having any collapsible structures at all (*see* Section IV.A.4 *infra*), which underscores WeatherTech's failure here to allege that the accused product includes these elements.

The Court thus should dismiss the direct patent infringement claims in Counts I–IV.

### 2.  WeatherTech Fails to Plausibly Allege Induced Patent Infringement Under 35 U.S.C. § 271(b)

With respect to each asserted patent, WeatherTech additionally asserts that Harbor Freight has "committed acts that constitute inducement of infringement … by others" but fails to allege facts that would support the requisite elements of an inducement claim. Compl. ¶¶ 21, 26, 31, 36. To state a claim for induced infringement under § 271(b), a complaint must plausibly allege an underlying product that directly infringes. *See In re Bill of Lading Transmission*, 681 F.3d 1323, 1333 (Fed. Cir. 2012) ("It is axiomatic that '[t]here can be no inducement … without an underlying act of direct infringement.'" (citation omitted)). The complaint also must allege a plausible factual basis to reasonably infer that the defendant had knowledge of not only the asserted patents but also the alleged underlying infringement. *Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639–41 (2015); *Bill of Lading*, 681 F.3d at 1337–38. And the complaint must allege a plausible factual basis to reasonably infer that the defendant "specifically intended" for such infringement to occur. *Bill of Lading*, 681 F.3d at 1339. WeatherTech's complaint fails these basic requirements.

*First*, as discussed above, WeatherTech's complaint does not identify any directly infringing product that practices each element of at least one claim, and without a directly infringing product, there can be no induced infringement. *See Bill of Lading*, 681 F.3d at 1333.

7

*Second*, even setting aside this facial deficiency, WeatherTech's complaint lacks any specific, factual allegations that raise a reasonable inference that Harbor Freight had knowledge of the asserted patents, had knowledge of any underlying direct infringement, and further specifically intended for such infringement to occur. *See Commil*, 575 U.S. at 639–41; *Mouldtec, Inc. v. Pagter & Partners Int'l B.V.*, No. 12-CV-4249, 2012 WL 5966593, at *2 (N.D. Ill. Nov. 28, 2012) (dismissing inducement claim); *see also NetFuel, Inc. v. Cisco Sys. Inc.*, No. 18-CV-02352, 2018 WL 4510737, at *2 (N.D. Cal. Sept. 18, 2018) (same). To be sure, WeatherTech never notified Harbor Freight of the asserted patents or of any alleged infringement prior to filing suit, nor has WeatherTech alleged that it did so. WeatherTech also fails to plausibly allege that Harbor Freight had knowledge of the patents under any other circumstances, or when it acquired such knowledge.

At most, WeatherTech states in conclusory fashion, "[o]n information and belief," that "Harbor Freight was specifically aware of WeatherTech's patents" and notes that "WeatherTech marks its products according to relevant law." Compl. ¶ 18. But the mere fact that WeatherTech may have marked its products with its patents does not give rise to a plausible inference that Harbor Freight was aware of those patents. *See Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 20-CV-00318, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021). And even if knowledge of the patents could be reasonably inferred, WeatherTech does not plead a plausible factual basis to infer that Harbor Freight had knowledge of any underlying direct infringement or the requisite specific intent to cause such infringement. *See Bonutti Skeletal Innovations LLC v. Smith & Nephew, Inc.*, No. 12-CV-1111, 2013 WL 6058472, at *1 n.5 (D. Del. Nov. 18, 2013) ("[a]llegations that [defendant] knew of … patents and of its customers' use of [its] products do not suffice to establish that [defendant] also knew [the] use … would amount to infringement").

The Court thus should dismiss the induced patent infringement claims in Counts I–IV.

### 3. WeatherTech Fails to Plausibly Allege Willful Patent Infringement or Entitlement to Enhanced Damages

Under the *Iqbal*/*Twombly* standard, courts have recognized that pleading willful infringement and enhanced damages requires alleging a plausible factual basis for the underlying infringement, as well as pre-suit knowledge of the asserted patents and the alleged infringement. *See, e.g.*, *Mouldtec*, 2012 WL 5966593, at *3–4 (dismissing claim for failure to plead pre-suit knowledge); *Fluidigm Corp. v. IONpath, Inc.*, No. 19-CV-05639, 2020 WL 408988, at *4–5 (N.D. Cal. Jan. 24, 2020) (similar). Here, WeatherTech states in conclusory fashion "[o]n information and belief" that "Harbor Freight was specifically aware of WeatherTech's patents." Compl. ¶ 18. But that threadbare and conclusory recital does not amount to a plausible factual allegation. *See Iqbal*, 556 U.S. at 678. The Court thus should dismiss WeatherTech's claims of willfulness and entitlement to enhanced damages.

### 4. The Court Should Dismiss Count IV for the Independent Reason that the Asserted Claim of the '035 Patent Is Invalid for Lack of Written Description

The written-description requirement of 35 U.S.C. § 112(a) ensures that the scope of what a patentee claims in its patent is commensurate to what the patent describes and thus discloses to the public. *Ariad Pharms., Inc. v. Eli Lilly & Co.*, 598 F.3d 1336, 1351, 1353–54 (Fed. Cir. 2010) (en banc). It requires that the patent "reasonably convey[] to those skilled in the art that the inventor had possession of the claimed subject matter as of the filing date." *Id.* at 1351. In particular, the patent must convey that the inventor was in possession of the *full* scope of what is claimed. *See Rivera v. ITC*, 857 F.3d 1315, 1316, 1321 (Fed. Cir. 2017) (holding invalid claim covering cartridges with an integrated filter because the patent only described separate cartridges and filters). Here, asserted claim 1 of the '035 patent is invalid for lack of written description because it is directed to "[a] receiver post" that includes "support structures" that are "adapted, upon impact

being applied to the receiver post, to collapse, thereby absorbing the force from the impact." '035 patent at cl. 1. But the patent does not describe any such collapsible structures in the receiver post.

As shown in Figures 1 and 2 (below), the '035 patent generally describes a hitch step or platform having a "step body 102" (blue) and a "receiver post 104" (red) that fits inside a receiver-type hitch. *Id.* at 2:6–11. Notably, the only collapsible structures that the patent describes are the "oblique cross members 208" that are contained exclusively in the step body, not the receiver post. *Id.* at 2:61–3:11. To be sure, the patent does describe certain "support structures" in the receiver post, namely "a top vertical member 124" and "bottom vertical member 126." *Id.* at 3:31–39. But the patent explains that these support structures in the receiver post "provide ***no resistance*** to a rear axially applied impact force" and that "all of the impact force has to be absorbed by" other structures. *Id.* at 3:39–4:1 (emphasis added). The patent thus not only lacks written description for collapsible support structures in the receiver post but in fact expressly disavows it.



In short, the Court should hold that claim 1 of the '035 patent is invalid as a matter of law for lack of written description under § 112(a) and dismiss Count IV of the complaint.

### B. The Court Should Dismiss WeatherTech's Trademark Infringement Claim in Count V

WeatherTech's trademark infringement claim based on its BUMPSTEP mark should be similarly dismissed because Harbor Freight's use of the phrase "Bumper Step" on its product

packaging and website to describe its product is a quintessential example of descriptive fair use.

As the Seventh Circuit has explained, the defense of descriptive fair use "is based on the principle that no one should be able to appropriate descriptive language through trademark registration." *Sorensen v. WD-40 Co.*, 792 F.3d 712, 722 (7th Cir. 2015) (quoting *Packman v. Chi. Trib. Co.*, 267 F.3d 628, 639 (7th Cir. 2001)); *see also SportFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 595 (7th Cir. 2019). A "producer of 'Crunchy' brand potato chips, for example, cannot block its competitors from describing their chips as crunchy." *Id.* The defense applies where (1) the defendant "did not use the mark as a trademark; (2) the use is descriptive of its goods or services; and (3) it used the mark fairly and in good faith." *Sorensen*, 792 F. 3d at 722. It "is available even against federally registered trademarks that are incontestable." *Id.* And courts in this District and elsewhere have dismissed trademark infringement claims at the pleading stage where the complaint on its face confirms that the alleged infringement is descriptive fair use. *See Hebrew Univ. of Jerusalem v. DealzEpic*, No. 21-CV-5492, 2022 WL 3026934, at *2 (N.D. Ill. Aug. 1, 2022) (dismissing trademark claim over use of "Albert Einstein" because it was descriptive of mousepads featuring image of Einstein); *Naked Cowboy v. CBS*, 844 F. Supp. 2d 510, 514–16 (S.D.N.Y. 2012) (dismissing trademark claim over use of phrase "Naked Cowboy" because it was descriptive of a video showing a minimally clad man in cowboy boots and hat). Here, the complaint confirms that Harbor Freight's use of the phrase "Bumper Step" qualifies as descriptive fair use.

***First***, Harbor Freight does not use the phrase "Bumper Step" as a trademark. "Words or phrases function as trademarks when they are used by a source of a product to identify itself to the public as the source of its product and to create in the public consciousness an awareness of the uniqueness of the source and of its products." *SportFuel*, 932 F.3d at 596 (citation and quotation marks omitted). In making this determination, courts consider multiple factors, including "whether

11

the defendant used plaintiff's mark: (1) in tandem with its own house mark; (2) as an 'attention-getting symbol' or as a catchy slogan; and (3) more or less prominently than its own mark." *Hebrew Univ.*, 2022 WL 3026934, at *3 (quoting *SportFuel*, 932 F.3d at 596–98).

As reflected in its product packaging and webpage (copied below), Harbor Freight identifies its product with its house mark: "HAUL-MASTER." It does not use WeatherTech's "BUMPSTEP" mark at all but instead uses the different descriptive phrase "Bumper Step." Notably, the "Bumper Step" phrase appears below the house mark in different font and as part of the larger phrase "Hitch Mount Bumper Step," confirming that it is not intended as an attention grabbing symbol or slogan for identifying the product source but rather as simply a description of what the product is. Indeed, WeatherTech cannot credibly claim that the phrase "Bumper Step" identifies the product source any more so than it can claim that the phrase "Hitch Mount" (appearing before it in the same font) is an indicator of the product source. The phrase "Bumper Step" also is not used more prominently than the house "HAUL-MASTER" mark, which is featured on both the packaging and webpage to clearly indicate the product's brand and source.



Product Packaging (Compl. Ex. 1)          Product Webpage (Compl. Ex. 7)

***Second***, Harbor Freight's use of the phrase "Bumper Step" is quintessentially descriptive. As noted, "Bumper Step" appears as part of the larger phrase "Hitch Mount Bumper Step" to describe in a literal sense an accessory that mounts to a vehicle hitch and functions as a bumper and a step. Lest there be any doubt, the product packaging makes that clear: it expressly states that the product "[c]reates [a] '***step***' for easy cargo access" and provides "***[p]rotection against bumps and scratches*** from minor accidents," i.e., it functions as a bumper and a step. Compl. Ex. 1 (emphasis added). And the product webpage similarly describes the product as a "super-sturdy bumper step [that] supports up to 300lb and adds protection to hitch receivers." Compl. Ex. 7.

WeatherTech's asserted patents further confirm that the phrase "Bumper Step" as used here is merely descriptive. Notably, in describing the alleged invention of its patents, WeatherTech identifies it as "being used as a ***step***" and "acting as a ***bumper***." *E.g.*, Compl. Ex. 3, '495 Patent at 16:20–25 (emphasis added). Even WeatherTech's trademark registration for the BUMPSTEP mark identifies the applicable goods and services as "Trailer Hitch ***Steps***," confirming that the word "step" is merely descriptive of a class of goods. Compl. Ex. 6 (emphasis added). The prior art also is abound with examples of the use of the words "bumper" and "step" (even in conjunction) to describe the functionality of hitch steps. As an example, U.S. Patent No. D532,354—which was filed nearly seven years before WeatherTech's alleged first use of the BUMPSTEP mark— describes the design of a "Trailer Hitch Bumper/Step" in the same manner that Harbor Freight uses the phrase "Hitch Mount Bumper Step" to describe its product. Ex. D.[4] As another example, U.S. Patent No. 4,274,648—which is listed on the face of WeatherTech's patents and was filed before WeatherTech even existed as a company—is entitled "Vehicle ***Bumper Step***" and describes yet

---

[4] The Court may take judicial notice of public patents that use the words "bumper" and "step" in conjunction to describe vehicle accessories that function as a bumper and a step.

13

another accessory that serves as a bumper and a step. Ex. E (emphasis added).

*Third*, Harbor Freight has used the phrase "Bumper Step" fairly and in good faith to describe its product. The phrase "Bumper Step" appears as part of the larger phrase "Hitch Mount Bumper Step" and accurately describes Harbor Freight's product, which functions as a bumper and a step. The phrase is thus wholly descriptive, and "there's nothing to suggest that its use … was in bad faith." *Hebrew Univ.*, 2022 WL 3026934, at *4.

The Court thus should dismiss WeatherTech's trademark infringement under Count V.

### C.     The Court Should Dismiss WeatherTech's Unfair Competition and State Law Claims in Counts VI–X

In addition to its trademark infringement claim under the Lanham Act, WeatherTech also asserts claims of federal unfair competition (Count VI), violation of the Illinois Deceptive Trade Practices Act (Count VII), Illinois Common Law Unfair Competition (Count VIII), unjust enrichment (Count IX), and violation of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count X). Each of these claims is predicated on Harbor Freight allegedly appropriating WeatherTech's BUMPSTEP mark through its use of the phrase "Bumper Step." Compl. ¶¶ 48, 53–54, 60, 63–64, 70–71. And they each fail for the same reason that Harbor Freight's use of the phrase "Bumper Step" to describe the functionality of its product is fair use. *See SportFuel, Inc. v. PepsiCo, Inc.*, No. 16-CV-7868, 2018 WL 2984830, at *2 (N.D. Ill. June 14, 2018), *aff'd*, 932 F.3d 589 (7th Cir. 2019) ("SportFuel's Illinois statutory and common law trademark infringement and unfair competition claims are based on the same set of facts and analyzed under the same legal standards as its Lanham Act claims.").

WeatherTech's Counts VI–X should also be dismissed for the additional and independent reason that they are each premised on allegedly deceptive conduct that WeatherTech fails to plead with particularity as required by Federal Rule of Civil Procedure 9(b). *See Hart v. Amazon.com,*

14

*Inc.*, 191 F. Supp. 3d 809, 822 (N.D. Ill. 2016), *aff'd*, 845 F.3d 802 (7th Cir. 2017) (dismissing claims under Illinois Consumer Fraud and Deceptive Business Practices Act for failure to satisfy Rule 9(b)). "[W]hen a plaintiff alleges fraud or misrepresentations in his allegations, the heightened pleading standard of [Rule] 9(b) applies." *Id.* (citing *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014). In such cases, "a plaintiff must allege with particularity the who, what, when, where, and how of the fraud or misrepresentation." *Id.* (quoting *Thrasher-Lyon v. Ill. Farmers Ins. Co.*, 861 F. Supp. 2d 898, 909 (N.D. Ill. 2012)). Here, WeatherTech does not plausibly allege that Harbor Freight was even aware of WeatherTech's BUMPSTEP mark, much less that it sought to appropriate and use it in a deceptive fashion. At most, WeatherTech makes conclusory statements that Harbor Freight acted deceptively or unfairly (Compl. ¶¶ 50, 54–55, 60, 64, 70–71)—none of which (individually or in the aggregate) comes close to meeting Rule 9(b)'s heightened pleading standard.

### D.    The Court Should Dismiss Counts IV–X with Prejudice

Although leave to amend is to be freely granted when justice so requires, the Court can "deny leave to amend" where "it is certain … that any amendment would be futile or otherwise warranted." *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 772–71 (N.D. Ill. 2016), *aff'd*, 686 F. App'x 921 (Fed. Cir. 2017) (citation omitted). As addressed above, WeatherTech's assertion of the '035 patent in Count IV fails as a matter of law because the sole asserted claim is facially invalid. Similarly, WeatherTech's trademark and related federal and state law claims in Counts V–X fail as a matter of law because Harbor Freight's use of the phrase "Bumper Step" qualifies as descriptive fair use. Any amendments to these counts would thus be futile.

### V.    CONCLUSION

For the foregoing reasons, the Court should dismiss WeatherTech's Complaint under Rule 12(b)(6) for failure to state a claim.

Dated: October 7, 2024

By: /s/ *Hari Santhanam*
Hari Santhanam (IL Bar No. 6296508)
HSanthanam@perkinscoie.com
PERKINS COIE LLP
110 North Wacker Drive, Suite 3400
Chicago, IL 60606
T: (312) 324-8400 / F: (312) 324-9400

Dennis Hopkins (*pro hac vice forthcoming*)
DHopkins@perkinscoie.com
PERKINS COIE LLP
1155 Avenue of the Americas, 22nd Floor
New York, NY 10036-2711
T: (212) 262-6900 / F: (212) 977-1649

*Counsel for Defendant Harbor Freight*
*Tools USA, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that, on October 7, 2024, the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

*/s/ Hari Santhanam*
Hari Santhanam