**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MACNEIL IP LLC, et al.                    )

                                       )

        Plaintiffs,                )

                                       )      No. 24-cv-03767

      v.                      )

                                       )      Judge Andrea R. Wood

HARBOR FREIGHT TOOLS USA INC.    )

                                       )

        Defendant.               )

**<u>MEMORANDUM OPINION AND ORDER</u>**

Plaintiff WeatherTech Direct, LLC manufactures, distributes, and sells automative accessories and aftermarket products. Plaintiff MacNeil IP LLC owns intellectual property rights associated with WeatherTech companies, including the four patents relevant to this action. In their Complaint, Plaintiffs (collectively, "WeatherTech") accuse Defendant Harbor Freight Tools USA Inc. ("Harbor Freight") of infringing their federally registered patents and federally registered trademark by marketing and selling the "HaulMaster" Hitch Mount Bumper Step. WeatherTech's ten-count Complaint asserts four claims for patent infringement in violation of 35 U.S.C. § 271, one claim for trademark infringement in violation of 15 U.S.C. § 1114, and five related federal and state-law claims based on the alleged trademark infringement. Harbor Freight now moves to dismiss the Complaint for failure to state claim pursuant to Federal Rule of Civil Procedure 12(b)(6). (Def.'s Mot. to Dismiss, Dkt. No. 20.) For the reasons that follow, the Court grants Harbor Freight's motion in part and denies it in part.

**BACKGROUND**

For purposes of the motion to dismiss, the Court accepts the well-pleaded factual allegations in the Complaint as true and draws all reasonable inferences from those facts in

WeatherTech's favor as the non-moving party. *Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007).

As alleged in the Complaint, WeatherTech manufactures, distributes, and sells the BUMPSTEP trailer hitch step, which is the product at issue in this case. (Compl. ¶ 2, Dkt. No. 1.) WeatherTech owns and is the exclusive licensee of four valid U.S. patents relevant to its BUMPSTEP product: No. 8,727,364 ("the '364 Patent"), No. 8,851,495 ("the '495 Patent"), No. 8,919,796 ("the '796 Patent"), and No. 9,145,035 ("the '035 Patent") (collectively, the "WeatherTech Patents"). (*Id.* ¶¶ 7–13.) Harbor Freight was specifically aware of the WeatherTech Patents, as WeatherTech marks its products according to relevant law and, specifically, the marking and notice requirements of 35 U.S.C. § 287(a). (*Id.* ¶ 18.) Yet Harbor Freight has had made for it, has imported and placed into the stream of commerce, markets, distributes, offers for sale, and sells the "HaulMaster" Hitch Mount Bumper Step. (*Id.* ¶ 3.) WeatherTech alleges that, in doing so, Harbor Freight has infringed at least one claim in each of its patents. (*Id.* ¶¶ 20, 25, 30, 35.) WeatherTech also alleges that Harbor Freight has committed acts that constitute inducement of infringement by others. (*Id.* ¶¶ 21, 26, 31, 36.)

WeatherTech owns and is the exclusive licensee of the valid and incontestable U.S. Trademark Registration No. 4,516,170 for the mark BUMPSTEP for "trailer hitch steps." (*Id.* ¶ 15.) WeatherTech has spent, and continues to spend, money, time, and effort to promote its BUMPSTEP mark. (*Id.* ¶ 6.) Harbor Freight knew of WeatherTech's mark and associated goodwill prior to Harbor Freight's promotion and use of the "Bumper Step" name. (*Id.* ¶ 17.) And consumer confusion has resulted from Harbor Freight's use of the "Bumper Step" name. (*Id.*)

2

WeatherTech's Complaint asserts claims separated into ten counts. Counts I–IV assert claims for direct and induced patent infringement in violation of 35 U.S.C. § 271. Count V asserts a claim for federal trademark infringement in violation of 15 U.S.C. § 1114. Count VI asserts a federal unfair competition claim pursuant to the Lanham Act, 15 U.S.C. § 1125(a). Count VII asserts a claim for deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act ("IUDTPA"), 815 ILCS 510/2. Counts VIII and IX assert Illinois common law claims for unfair competition and unjust enrichment. Finally, Count X asserts a claim for violation of the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/2. Harbor Freight moves to dismiss all claims.

**DISCUSSION**

Harbor Freight seeks dismissal of all claims raised in WeatherTech's Complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* However, a court need not accept legal conclusions in a complaint as true. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* At this stage, "a court may consider, in addition to the allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

## I.     The WeatherTech Patents (Counts I–IV)

Harbor Freight argues that WeatherTech has not pleaded facts sufficient to support its claims of patent infringement. The Court agrees.

"To establish infringement, every limitation set forth in a patent claim must be found in an accused product or process exactly or by a substantial equivalent." *Laitram Corp. v. Rexnord, Inc.*, 939 F.2d 1533, 1535 (Fed. Cir. 1991).[1] However, WeatherTech "need not prove its case at the pleading stage." *Bot M8 LLC v. Sony Corp. of Am.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021). "A plaintiff is not required to plead infringement on an element-by-element basis." *Id.* Although the parties here agree that a plaintiff is not required to plead infringement element by element, they disagree on the level of detail necessary to state a claim. "The level of detail required in any given case will vary depending upon a number of factors, including the complexity of the technology, the materiality of any given element to practicing the asserted claim(s), and the nature of the allegedly infringing device." *Id.* at 1353. Detailed claim charts, although sometimes offered at the pleading stage, are not necessary, as proof is not yet required. *Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1372 (Fed. Cir. 2013). But a plaintiff must do more than recite "the claim elements and merely conclud[e] that the accused product has those elements." *Bot M8 LLC*, 4 F.4th at 1353. The complaint must have "some factual allegations that, when taken as true, articulate why it is plausible that the accused product infringes the patent claim." *Id.*

Here, WeatherTech has not made any factual allegations that indicate how the accused product infringes on its patents. More specifically, WeatherTech does not allege that Harbor Freight's product meets any limitation of the WeatherTech Patents, much less every limitation.

---

[1] A district court must follow Federal Circuit precedent in a case arising under the patent laws. *Foster v. Hallco Mfg. Co.*, 947 F.2d 469, 475 (Fed. Cir. 1991).

WeatherTech relies on *Liqui-Box Corp. v. Scholle IPN Corp.*, 449 F. Supp. 3d 790, 797–98 (N.D. Ill. 2020), for the proposition that a patent infringement claim involving a simple technology is adequately pleaded if the plaintiff names the accused product, attaches photos of the accused product's packaging as an exhibit, attaches the relevant patents to the complaint, and alleges that the accused product infringes at least one asserted claim. However, that proposition cannot be applied as a simple, blanket rule without considering the case-specific context. *See Bot M8 LLC*, 4 F.4th at 1353 (noting that the level of detail required will vary by case). The Court has not encountered a case, not even *Liqui-Box* itself, where the above criteria, applied without more, sufficed to meet the pleading requirement. *See Liqui-Box Corp.*, 449 F. Supp. 3d at 798 (describing the complaint). For its part, the court in *Liqui-Box* relied on the analysis in *Disc Disease Sols. Inc. v. VHG Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018), where, in similar circumstances, the Federal Circuit determined the pleading standard was met. But the allegations in *Disc Disease* differ from those in WeatherTech's Complaint in two essential respects.

First, in *Disc Disease*, the plaintiff "alleged that the accused products [met] each and every element of at least one claim" of the relevant patents. *Id.* In contrast, WeatherTech makes no factual allegations whatsoever about the relevant claim elements. Rather, WeatherTech's assertions that "Harbor Freight had made for it, imported, used, offered for sale, marketed and/or sold Infringing Products which directly and/or indirectly infringe at least one claim" of the WeatherTech Patents (Compl. ¶¶ 20, 25, 30, 35) are legal conclusions. *See* 35 U.S.C. § 271(a) (listing the elements of a claim for patent infringement). They are not factual allegations. *See Twombly*, 550 U.S. at 555 ("[C]ourts are not bound to accept as true a legal conclusion couched as a factual allegation."). To plausibly state a claim, the allegations in a complaint, taken together, must indicate "that every limitation, or equivalent thereof, . . . can plausibly be found in

[the] accused product." *Liqui-Box*, 449 F. Supp. 3d at 798–99. The conclusory allegations here do not.

Second, in both *Liqui-Box* and *Disc Disease*, the plaintiffs attached exhibits to their complaints identifying specific components of the accused products that allegedly infringed the relevant patents. *Liqui-Box*, 449 F. Supp. 3d at 798; *Newtonoid Techs., LLC v. Abbott Lab'ys*, No. 1:23-CV-02532, 2024 WL 4213303, at *2 (N.D. Ill. Sept. 17, 2024) (characterizing the complaint in *Disc Disease*). WeatherTech does attach a photo of the Harbor Freight product's packaging. (Ex. 1, Dkt. No. 1-1.) Yet nowhere in the Complaint itself or in the attached photo is there any indication of what limitation of the WeatherTech Patents can be found in the accused product. In contrast, in *Liqui-Box*, the plaintiff provided "photographs annotated with arrows showing which part of the [accused product] is described by the claim and corresponds to each claim limitation." *Liqui-Box*, 449 F. Supp. 3d at 798. WeatherTech's reliance on *Liqui-Box* and *Disc Disease* is misplaced considering the factual allegations pleaded in those cases were far more substantial than what WeatherTech provides in this case.

Moreover, a recent example from the Federal Circuit supports Harbor Freight's argument for dismissal. Although nonprecedential, *Heidary v. Amazon.com, Inc.*, No. 2024-1580, 2024 WL 4489918, at *4 (Fed. Cir. Oct. 15, 2024), further supports the conclusion that WeatherTech has not satisfied the pleading standard. In *Heidary*, the plaintiff's complaint did "nothing more than list what [the plaintiff] contends are the limitations of his claim [] and assert that Amazon make[s], sell[s], use[s], offer[s] to sell, or import[s] in the United States products . . . that meet each and every limitation of [the] claim." Like WeatherTech, the plaintiff in *Heidary* merely echoed the language of the statue. 35 U.S.C. § 271(a). By alleging that the defendants' products met "each and every limitation" of his claim, the plaintiff in *Heidary* actually alleged more of a

factual basis for direct infringement than WeatherTech does. Still, the Federal Circuit found the complaint "insufficient to state a plausible claim of patent infringement." *Id.* The plaintiff in *Heidary*, like WeatherTech (Ex. 7, Dkt. No. 1-2), also "submitted a screenshot depicting one of the accused products . . . and summarily concluded the accused products infringe [the] claim [] without more." *Id.* Yet the Federal Circuit explained that, while a plaintiff "is not required to attach claim charts or allege how each limitation of a claim is infringed, [a plaintiff] must still articulate *why* it is plausible that the accused product infringes the patent claim." *Id.* (internal quotation marks omitted). Because the screenshot and the complaint taken together still did not satisfy the pleading standard, the Federal Circuit affirmed dismissal. *Id.* Similarly, the allegations in WeatherTech's complaint, combined with the photos attached, are insufficient to state a claim for direct patent infringement. And "[w]ithout a predicate finding of direct infringement, there can be no finding of induced infringement." *Id.* at *5. As a result, WeatherTech's induced infringement claims also fail. *Id.* Accordingly, Counts I–IV of the Complaint are dismissed.

## II.     Trademark Infringement (Count V)

WeatherTech next alleges that Harbor Freight's use of the term "Bumper Step" in connection with the sale of its accused product infringes on WeatherTech's BUMPSTEP trademark. The Lanham Act creates a civil right of action against anyone "employing an imitation of [a registered mark] in commerce when 'such use is likely to cause confusion, or to cause mistake, or to deceive.'" *KP Permanent Make-Up, Inc. v. Lasting Impression I, Inc.*, 543 U.S. 111, 117 (2004) (quoting 15 U.S.C. § 1114(1)(a)). To prevail on a claim of infringement, "a plaintiff must establish that (1) its mark is protectable and (2) the defendant's use of the mark is likely to cause confusion among consumers." *SportFuel, Inc. v. PepsiCo, Inc.*, 932 F.3d 589, 595 (7th Cir. 2019). WeatherTech's mark is federally registered, and WeatherTech alleges that

consumer confusion has occurred. *See Georgia-Pac. Consumer Prods. LP v. Kimberly-Clark Corp.*, 647 F.3d 723, 727 (7th Cir. 2011) ("Under the Lanham Act, registration of a trademark creates a rebuttable presumption that the mark is valid . . . ."). Harbor Freight does not contend that WeatherTech's Complaint fails to plead facts satisfying the elements of trademark infringement. Rather, Harbor Freight raises the affirmative defense of descriptive fair use.

The fair-use "defense allows individuals to use otherwise trademarked language in a descriptive sense." *SportFuel, Inc.*, 932 F.3d at 595. To succeed in raising the defense, a plaintiff must show that (1) it did not use the mark in question as a trademark, (2) the use is descriptive of its goods, and (3) it used the mark fairly and in good faith. *Id.* However, WeatherTech "correctly notes that courts should usually refrain from granting Rule 12(b)(6) motions on affirmative defenses." *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012). "[A] plaintiff is not required to negate an affirmative defense in [its] complaint." *Trademark Rightsholder Identified in Ex. 1 v. Individual, P'ships, & Unincorporated Ass'ns, Identified on Schedule A*, No. 23 C 16216, 2024 WL 4382195, at *2 (N.D. Ill. Oct. 2, 2024) (internal quotation marks omitted). And "[t]he mere presence of a potential affirmative defense does not render the claim for relief invalid. Further, these defenses typically turn on facts not before the court at [the pleading] stage in the proceedings." *Brownmark Films*, 682 F.3d at 690. Accordingly, dismissal based on an affirmative defense "is appropriate ***only*** when the factual allegations in the complaint unambiguously establish all the elements of the defense. In other words, the plaintiff must affirmatively plead himself out of court." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 939 (7th Cir. 2016) (internal quotation marks and citation omitted).

The Complaint here does not unambiguously establish all the elements of a fair-use defense and thus dismissal at this stage would be premature. Considering the Complaint and the

attached exhibits, there remains, at least, a potential fact question as to whether Harbor Freight used the phrase "Bumper Step" fairly and in good faith. Unlike in the rare cases where district courts have dismissed complaints based on affirmative defenses, it is not obvious that the court "possess[es] all the facts necessary to resolve the fair-use issue at this stage." *Hebrew Univ. of Jerusalem v. DealzEpic*, No. 21 CV 5492, 2022 WL 3026934, at *3 (N.D. Ill. Aug. 1, 2022). Accordingly, the Court follows the general rule, rather than the exception, and declines to dismiss WeatherTech's trademark infringement claim.

### III.    Unfair Competition and State Law Claims (Counts VI–X)

WeatherTech asserts five additional claims predicated on its trademark infringement claim. It alleges federal unfair competition (Count VI), violation of the IUDTPA (Count VII), Illinois common-law unfair competition (Count VIII), unjust enrichment (Count IX), and violation of the ICFA (Count X). Harbor Freight primarily argues that, because the basis for each claim is Harbor Freight's alleged trademark infringement, all five claims fail because of the fair-use defense discussed above. With the trademark infringement claim surviving, however, that argument alone cannot support dismissing Counts VI–X. *See Mighty Deer Lick, Inc. v. Morton Salt, Inc.*, No. 17-CV-05875, 2020 WL 635904, at *6 (N.D. Ill. Feb. 11, 2020) ("[S]ince [the] unfair competition claim . . . essentially duplicates [the] trademark infringement claims[,] . . . [t]he Court accordingly analyzes all . . . claims simultaneously."). However, Harbor Freight also advances the independent argument that each claim alleges fraud, thus implicating Federal Rule of Civil Procedure 9(b), but are not pleaded with particularity as required by that rule.

9

### A.     Counts VI–IX

Claims based on fraud "must be pled with particularity pursuant to Rule 9(b). Such claims require the complaining party to plead the 'who, what, when, where, and how' of the alleged fraud." *Dynamic Fluid Control (PTY) Ltd. v. Int'l Valve Mfg., LLC*, 790 F. Supp. 2d 732, 736 (N.D. Ill. 2011) (quoting *DiLeo v. Ernst & Young,* 901 F.2d 624, 627 (7th Cir. 1990)). Importantly, "the dictates of Rule 9(b) apply to allegations of fraud, not claims of fraud." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 446 (7th Cir. 2011). Courts look to see whether the claim is "premised upon a course of fraudulent conduct." *Id.* at 447 (internal quotation marks omitted). If it is, then the heightened standard of Rule 9(b) is implicated. *Id.* However, a wide range of conduct can fall into the category of unfair competition, and not all such conduct necessarily constitutes fraud that implicates Rule 9(b). *Hounen Solar, Inc. v. UL LLC*, No. 22 CV 03240, 2025 WL 3093720, at *2 n.2 (N.D. Ill. June 26, 2025). Where no deliberate fraudulent intent is alleged, Rule 9(b) does not apply. *Id.* Instead, courts use Rule 8's plausibility standard. *Id.*

WeatherTech's federal unfair competition claim is brought under the Lanham Act, 15 U.S.C. § 1125(a). "Claims brought under 15 U.S.C. § 1125(a) are of two types: 'likelihood of confusion' claims under § 1125(a)(1)(A) and 'false advertising' claims under § 1125(a)(1)(B)." *Dynamic Fluid Control*, 790 F. Supp. 2d at 738. Unlike claims of false advertising, "a claim that defendant's use of a mark is likely to cause confusion does not necessarily involve any fraudulent conduct." *Id.* WeatherTech has only alleged that Harbor Freight's conduct is likely to cause confusion. It has not alleged false advertising. "Because there is no requirement to prove fraud for likelihood-of-confusion claims, there is no requirement to allege fraud. Thus, the heightened pleading requirement set forth in Rule 9(b) does not apply to this theory." *Dynamic*

10

*Fluid Control*, 790 F. Supp. 2d at 738; *see also Mighty Deer Lick*, 2020 WL 635904, at \*3, \*6 (applying Rule 8's plausibility standard to an unfair competition claim premised on trademark infringement).

Although the Complaint uses statutory terms—including "false description" and "deceptive"—that may indicate fraud in some contexts, the core alleged conduct in this case is the use of a confusingly similar mark. The "core allegation" is what dictates the applicable pleading standard, not just the language a plaintiff, perhaps strategically, adds to or omits from its complaint. *See Hounen Solar*, 2025 WL 3093720, at \*2 n.2 (distinguishing cases where Rule 8 applies from cases where Rule 9(b) applies); *cf. Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 737 (7th Cir. 2014) ("Simply adding language of 'unfairness' instead of 'misrepresentation' does not alter the fact that [the plaintiff's] allegations are entirely grounded in fraud . . . ."). Again, because the alleged course of wrongful conduct is not necessarily a course of fraudulent conduct, Rule 9(b)'s particularity standard does not apply. WeatherTech's federal and common-law unfair competition claims, IUDTPA claim, and unjust enrichment claim are subject to the same analysis as its trademark infringement claim. *See SportFuel, Inc.*, 932 F.3d 589 at 595 (stating trademark infringement test); *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011) (noting unjust enrichment claim is tied to related underlying claim); and *Hart v. Amazon.com, Inc.*, 191 F. Supp. 3d 809, 817 (N.D. Ill. 2016), *aff'd*, 845 F.3d 802 (7th Cir. 2017) (stating test for related claims). Because WeatherTech sufficiently pleaded its trademark infringement claim, it has sufficiently pleaded the related claims in Counts VI–IX.

### B.     Count X

Count X of the Complaint is brought under the ICFA, which is "a regulatory and remedial statute intended to protect consumers . . . against fraud, unfair methods of competition,

11

and other unfair and deceptive business practices." *Benson v. Fannie May Confections Brands, Inc.*, 944 F.3d 639, 646 (7th Cir. 2019) (internal quotation marks omitted). Under the ICFA a plaintiff may premise its "claim on either deceptive conduct or unfair conduct (or both)." *Id.* The Rule 9(b) particularity standard applies to a claim premised on deceptive conduct, while only the Rule 8(a) plausibility standard applies to allegations of unfair conduct. *Id.*

Contrary to WeatherTech's argument, the Complaint asserts both unfair practices and deceptive acts or practices by Harbor Freight. Beyond the alleged trademark violation discussed above, Count X also alleges that Harbor Freight has engaged in "[o]ther false and/or deceptive statements, and misrepresentations, concealments, suppressions or omissions according to proof." (Compl. ¶ 70.) To the extent these alleged deceptive practices are premised on conduct other than the use of the phrase "Bumper Step" in a manner likely to cause consumer confusion, they are subject to the requirements of Rule 9(b). *Benson*, 944 F.3d at 646. Because the factual allegations in the Complaint do not detail the "where," "when," or "how" of any deceptive practices, the Complaint does not satisfy the particularity standard. *Dynamic Fluid Control*, 790 F. Supp. 2d at 736. As discussed above, however, the allegations of unfair conduct are adequately pleaded. Accordingly, the Court will allow WeatherTech to proceed on its ICFA claim limited to a theory of unfair competition or practices.

## CONCLUSION

For the foregoing reasons, Harbor Freight's motion to dismiss (Dkt. No. 20) is granted in part and denied in part. Plaintiffs' patent claims (Counts I–IV) are dismissed for failure to state a claim. Plaintiffs may proceed with their remaining claims, subject to the limitation that the ICFA claim in Count X may only proceed on a theory of unfair conduct. The dismissals are without

prejudice to Plaintiffs seeking leave to file an amended complaint that remedies the deficiencies discussed herein.

ENTERED:

Dated:  March 23, 2026

Andrea R. Wood
United States District Judge

13